UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Cup Foods Incorporated, | Case No.: 22-cv-1620 (WMW/TNL) |
| Plaintiff, | |
| v. | SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL |
| Travelers Casualty Insurance Company of America, | |
| Defendant. | |

The following Complaint is filed based upon breach of contract by Travelers Casualty Insurance Company of America. The insurance contract was renewed on December 9, 2019 for the policy period January 18, 2020 to January 18, 2021. See attached true and correct copies of the insurance contract renewal attached hereto as Exhibit 1. The policy was initially issued on January 18, 2019 for the period from January 18, 2019 to January 18, 2020. See a true and correct copy of the original insurance contract attached hereto as Exhibit 2 (hereinafter the insurance contract and the insurance contract renewal are collectively referred to as the "Insurance Contract").

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Cup Foods Incorporated, Plaintiff herein, (hereinafter "Cup Foods" or "Plaintiff") and files this, its Complaint, complaining of Travelers Casualty Insurance Company of America, a Connecticut insurance company (hereinafter referred to as "Travelers" or "Defendant") as and for its Complaint against the Defendant above-named, states and alleges as follows:

1

# I.

# PARTIES

(1)     Plaintiff Cup Foods is a Minnesota Corporation located at 3759 Chicago Ave S., Minneapolis, MN 55407.

(2)     Defendant Travelers Casualty Insurance Company of America is a Connecticut insurance stock corporation, located at One Tower Square, Hartford, Connecticut 06183.

# II.

# JURISDICTION AND VENUE

(3)     This Court has jurisdiction over Defendant under Minn. Stat. § 484.01 by virtue of the fact that the conduct leading to the contract dispute occurred in Hennepin County, Minnesota.

(4)     Venue is proper under Minn. Stat. § 542.09, as Hennepin County is the county in which the business that is the subject of the contract dispute is located.

# III.

# STATEMENT OF FACTS

(5)     On May 25, 2020, George Floyd was murdered.

(6)     In the ensuing weeks, Minneapolis experienced significant civil unrest.

(7)     Cement barricades, ad hoc barricades, ad hoc structures, and mementos commemorating George Floyd's death were placed at the Cup Foods premises, adjacent to and around Cup Foods and throughout George Floyd Square after May 25, 2020. The cement barricades were placed subsequent to arson, theft, property damage, and civil unrest in south Minneapolis by the City of Minneapolis on Chicago Avenue north and south of Cup Foods and

on 38th Street to the east and west of Cup Foods. The cement barricades were placed by the City of Minneapolis as part of its response to the evolving civil unrest and accompanying property damage in south Minneapolis. The Minneapolis City barricades were supplemented with ad hoc barricades placed by third party community members. City of Minneapolis barricades, ad hoc barricades, the mementos, and the ad hoc structures remained in place continually for over a year.

(8)     The placement of the cement barricades, ad hoc barricades, ad hoc structures, and mementos in the street, in parking spaces, in the bus stop, and on the sidewalk at the premises caused a partial suspension of Cup Foods' business operations.

(9)     To access Cup Foods via 38th Street or Chicago Avenue, vehicles had to be admitted through a gate or ad hoc barricades. Cup Foods also lost parking spaces, sidewalk access, and a public bus stop when structures were built at and adjacent to the premises and mementos commemorating George Floyd were placed throughout George Floyd Square.

(10)    The barricades and armed and unarmed community members that physically blocked access to Cup Foods with their bodies directed pedestrians, traffic and public transit away from Cup Foods.

(11)    On or about June 8th, 2020, Cup Foods provided notice of claim DHQ2164 for losses related to burglary.

(12)    On or about June 8th, 2020, Cup Foods provided notice of claim DHQ2166 for loss due to business interruption.

(13)    On or about July 14, 2020, Cup Foods provided notice of claim DHQ2360 for damage to building glass and theft of various items.

(14) On or about August 7, 2020, Cup Foods provided notice of claim DHQ2594 for damage to building glass and theft of various items.

(15) On or about October 22, 2020, Cup Foods provided notice of claim DHQ3270 for food spoilage.

(16) On or about October 23, 2020, Cup Foods provided notice of claim FHZ6175 for additional physical damage.

(17) On or about July 8, 2020, Travelers sent a letter to Cup Foods discussing claims DHQ2164 and DHQ2166.

(18) On or about July 23, 2020, Travelers sent a letter to Cup Foods discussing claims DHQ2164, DHQ2166 and DHQ2360.

(19) On or about August 13, 2020, Travelers sent a letter to Cup Foods discussing claims DHQ2164 and DHQ2360.

(20) On or about January 11, 2021, Cup Foods sent a demand letter to Travelers discussing outstanding claims and requesting payment for: loss of business income, loss of business income under the civil authority extension, coverage of repairs to damaged tenant improvements, and replacement of tangible personal property.

(21) On or about January 29, 2021, February 2, 2021, and February 9, 2021, Travelers requested documents from Cup Foods and informed Cup Foods that they wished to conduct examinations under oath of several persons.

(22) On or about February 26, 2021, Cup Foods submitted the requested document response to Travelers.

(23) Travelers conducted an examination under oath of Samir Abumayyaleh, Mahmoud Abumayyaleh, and Ahmad Abumayyaleh on or about March 12, 2021.

(24) On or about May 4, 2021, Travelers counsel issued additional document requests.

(25) On or about May 12, 2021, Cup Foods provided the requested response.

(26) On or about July 30, 2021, Travelers sent a letter to Cup Foods discussing claims DHQ2164, DHQ2166, and DHQ2360.

(27) On or about July 30, 2021, Travelers requested additional documentation, which Cup Foods provided on or about August 30, 2021.

(28) On or about October 28, 2021, Cup Foods provided an additional document response.

(29) On or about May 12, 2022, Travelers sent an additional letter regarding Claim DHQ2164.

(30) The Insurance Contract covers the actual loss of business income sustained due to the necessary "suspension" of "operations" during the "period of restoration". Ex. 2 at 14. The "suspension" must be caused by direct "physical loss" of or "damage to property" at the "described premises." *Id*. at 14-15.

(31) For business income loss coverage to apply, the loss or damage must be caused by or result from a "covered cause of loss". *Id*. at 15.

(32) The Insurance Contract defines "covered cause of loss" as "risks of direct physical loss" unless the loss is limited in paragraph A.5 limitations or excluded in paragraph B. exclusions. *Id*. at 15-16.

(33) There is an exclusion in the Insurance Contract for physical loss caused by government action. *Id.* at 35.

(34)     "Premises" is defined as the grocery store located at "3753 – 3759" Chicago Ave. S., Minneapolis, MN 55408. *Id*. at 2.

(35)     A "suspension" means the partial or complete cessation of business activities. *Id*. at 51.

(36)     "Operations" means business activities occurring at the premises. *Id*. at 49.

(37)     The "period of restoration" means the period that begins immediately on the date of physical loss caused by the covered loss at the described premises, and ends at the earlier of the date the property is repaired, rebuilt, or replaced with reasonable speed and similar quality, or the date when business is resumed at a new permanent location. *Id*. at 49.

(38)     Under the Insurance Contract coverage extension for loss of income due to the action of civil authority, the following three elements must be satisfied for coverage: (i) A civil authority must prohibit access to the described premises.  (ii) The prohibited access to the described premises must be due to direct physical loss of or damage to property at other locations, other than the described premises, which are within 100 miles of the described premises. (iii) The direct physical loss or damage to property must be caused by or resulting from a covered cause of loss. *Id*. at 27.

(39)     The Insurance Contract provides for loss of business income coverage for twelve consecutive months. *Id*. at 3.

(40)     The Insurance Contract provides an extension to coverage for direct physical loss of or damage to Covered Property at the described premises caused by or resulting from a "breakdown" to "covered equipment". *Id*. at 29-30.

(41)     Travelers has not fully covered Cup Foods' costs to fix a rear condenser and the rooftop HVAC.

(42)     Cup Foods timely made all payments required by the Insurance Contract and otherwise complied with its obligations under the Insurance Contract.

(43)     Under the Insurance Contract, any claim must be brought within 2 years after the date on which the direct physical loss or damage occurred. *Id*. at 45.

(44)     Travelers has not paid Cup Foods for a full year of loss of business income.

## IV.

## **RELIEF REQUESTED**

### COUNT I - TRAVELERS BREACHED THE INSURANCE CONTRACT BY FAILING TO PROVIDE COVERAGE FOR LOSS OF BUSINESS INCOME DUE TO COVERED PHYSICAL LOSSES

(45)     Plaintiff re-alleges and incorporates paragraphs 1 through 44 as if fully set forth herein.

(46)     The elements of a breach of contract claim are the existence of a valid contract, performance, breach of the contract, and damages.

(47)     Cup Foods has complied in good faith with the conditions of the Insurance Contract as demonstrated by its timely payments, willingness to produce persons to make statements under oath, and responses to Travelers' document requests.

(48)     The Insurance Contract inclusively covers business income loss from all physical losses unless excluded or limited.

(49)     There is an exclusion in coverage for physical loss caused by government action, but there is no exclusion for a physical loss caused by third party community activity.

(50)     Therefore, the Insurance Contract contemplates that both the physical losses caused by: (i) placement of mementos commemorating George Floyd at the Cup Foods premises,

in parking spaces, in the bus stop, and on the sidewalk; and (ii) placement of structures in the street and in parking spaces; are covered causes of loss under the Insurance Contract.

(51)     Additionally, the Insurance Contract contemplates that the physical loss of direct vehicle and pedestrian access to the Cup Foods premises caused by the actions of armed and unarmed community members that physically blocked access to the Cup Foods premises with their bodies, supplemented the cement barricades with their own ad hoc barricades, and directed vehicle and pedestrian traffic away from the Cup Foods premises are covered causes of loss under the Insurance Contract.

(52)     Cup Foods has requested payment for coverage of loss of business income pursuant to the Insurance Contract.

(53)     Travelers has not paid for the full year of business income loss provided by the Insurance Contract.

(54)     Defendant has breached the contract and Defendant's actions have damaged Plaintiff in an amount in excess of $50,000.

(55)     Plaintiff therefore respectfully requests judgment against Defendant in an amount in excess of $50,000 with the exact amount of damages to be proven at trial.

### B.    COUNT II - TRAVELERS BREACHED THE INSURANCE CONTRACT BY FAILING TO PROVIDE COVERAGE FOR LOSS OF BUSINESS INCOME DUE TO PLACEMENT OF CEMENT BARRICADES BY THE CITY OF MINNEAPOLIS

(56)     Plaintiff re-alleges and incorporates paragraphs 1 through 55 as if fully set forth herein.

(57)     The elements of a breach of contract claim are the existence of a valid contract, performance, breach of the contract, and damages.

(58) Cup Foods has complied in good faith with the conditions of the Insurance Contract as demonstrated by its timely payments, willingness to produce persons to make statements under oath, and responses to Travelers' document requests.

(59) While there is an exclusion in coverage for physical loss caused by government action, under the civil authority extension the Insurance Contract specifically contemplates coverage for loss of business income due to government action.

(60) Coverage for loss of income under the civil authority extension requires three elements. (i) The government prohibits access to the premises. (ii) The government action must be taken in response to physical losses at property within 100 miles of the premises. (iii) The physical loss or damage requiring the government's response is a covered cause of loss.

(61) The first element is met because the City of Minneapolis placed cement barricades on 38th Street east and west of Cup Foods, and on Chicago Avenue north and south of Cup Foods. These barricades redirected vehicle traffic and public transit away from Cup Foods.

(62) The second element is met because the barricades were placed subsequent to arson, theft, property damage, and civil unrest in south Minneapolis. The cement barricades were placed as part of the City of Minneapolis' response to evolving civil unrest and accompanying property damage in south Minneapolis.

(63) The third element is met because the Insurance Contract inclusively covers all physical losses unless excluded or limited; and physical loss due to arson, theft, property damage, and civil unrest are covered causes of loss under the Insurance Contract.

(64) Because all three elements of the civil authority extension under the Insurance Contract are met, the loss of business income caused by the City of Minneapolis' placement of cement barricades is covered under the Insurance Contract.

(65) Defendant has breached the contract by failing to provide coverage for loss of business income and Defendant's actions have damaged Plaintiff in an amount to be proven at trial.

(66) Plaintiff therefore respectfully requests judgement against Defendant for damages in an amount to be proven at trial.

### C. COUNT III - TRAVELERS BREACHED THE INSURANCE CONTRACT BY FAILING TO PROVIDE FULL COVERAGE FOR EQUIPMENT REPAIR

(67) Plaintiff re-alleges and incorporates paragraphs 1 through 66 as if fully set forth herein.

(68) The elements of a breach of contract claim are the existence of a valid contract, performance, breach of the contract, and damages.

(69) Cup Foods has complied in good faith with the conditions of the Insurance Contract as demonstrated by its timely payments, willingness to produce persons to make statements under oath, and responses to Travelers' document requests.

(70) The Insurance Contract provides an extension for direct physical loss of or damage to Covered Property at the described premises caused by or resulting from a "breakdown" to "covered equipment".

(71) Travelers has breached the Insurance Contract by refusing to provide full coverage for the costs related to rear condenser repairs and the rooftop HVAC repairs.

(72) Defendant has breached the contract and Defendant's actions have damaged Plaintiff in an amount to be proven at trial.

(73) Plaintiff therefore respectfully requests judgement against Defendant in an amount to be proven at trial.

## V.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Cup Foods demands judgment against the Defendant as follows:

1. For judgment against Defendant in an amount in excess of $50,000 with the exact amount of damages to be proven at trial.

2. Awarding Plaintiff all costs and disbursements, including reasonable attorneys' fees; and

3. Granting such other relief as the Court my deem just and equitable.

## VI.

## DEMAND FOR JURY TRIAL

1. Plaintiff demands trial by jury to resolve these matters.

Respectfully submitted on July 4, 2022.

Dated: July 4, 2022          By: /s/ Josiah Lindstrom
                             Bar Number 0398665
                             Attorney for Plaintiff

                             619 South 10th Street, Suite 201
                             Minneapolis, Minnesota 55404
                             Telephone: 612 423 9433
                             Fax: 612-324-7448
                             Email: jlindstrom@trautlaw.com

## Acknowledgment

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. § 549.211 subd. 2, to the party against whom the allegations in this pleading are asserted.

Dated: July 4, 2022          By: /s/ Josiah Lindstrom
                             Bar Number 0398665
                             Attorney for Plaintiff
                             Trautmann Martin Law PLLC

                                          619 South 10th Street, Suite 201
                                          Minneapolis, Minnesota 55404
                                          Telephone: 612 423 9433
                                          Fax: 612-324-7448
                                          Email: jlindstrom@trautlaw.com